# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CENTER FOR SOCIAL CHANGE, INC.,   *

    Plaintiff   *

v.   *

                          CIVIL NO. JKB-19-0734

MORGAN PROP. MGMT. CO., LLC, *et al.*,   *

    Defendants   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The complaint in this case was filed March 8, 2019, alleging violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1), by Defendants, Morgan Properties Management Company, LLC, and Granite Run Apartments Owner, LLC, for refusing to renew a lease on a property rented since 2013 to Plaintiff, the Center for Social Change, Incorporated ("CSC"), which has two residential clients with physical, intellectual, and/or developmental disabilities living in the unit, 2403 Bytham Court, Apartment 104, Windsor Mill, Maryland 21244. (Compl. ¶¶ 10, 15, ECF No. 1.) Defendants have notified Plaintiff that its lease expires today, March 11, 2019, and that CSC must vacate the property today. (*Id.* ¶ 27.)

CSC has filed a motion for temporary restraining order ("TRO") and preliminary injunction to prevent Defendants from forcing CSC's clients to vacate the place they have lived for several years. (Pl.'s Mot. TRO & PI, ECF No. 3.) By way of exhibits to its motion, CSC has provided evidence that Defendants' efforts to have CSC's clients out of the property are motivated by discriminatory animus, in violation of the Fair Housing Act. Further, CSC has made a showing that it will expend, unnecessarily, substantial sums of money in finding a new

residence, obtaining licenses for it, and making necessary modifications to it, a process that could take many months. Finally, CSC has shown its residential clients will be harmed by being uprooted from a stable housing situation and being put in temporary housing while a search is made for more permanent housing, where they will once again go through a process of adjusting to new surroundings. By email, Plaintiff has provided an attorney for Defendants with copies of Plaintiff's filings in this case. (Let. Mar. 8, 2019, Krevor-Weisbaum to Rollins, ECF No. 4.)

In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme Court set forth the following standard for preliminary injunctive relief:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. Courts are called upon to balance a plaintiff's claims of injury against the burdens to be imposed upon the defendant, and they must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24. The same standard applicable to preliminary injunctive relief is applicable to the question of whether a TRO should issue. *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001); *Perdue Farms, Inc. v. NLRB*, 927 F. Supp. 897, 904 (E.D.N.C. 1996).

Under this standard, CSC has shown an entitlement to relief. CSC is likely to succeed on the merits with evidence that Defendants have violated the Fair Housing Act by discriminating against CSC because of its association with individuals with disabilities. Additionally, case law is clear that the showing CSC has made establishes irreparable harm in the absence of preliminary relief. *See Pathways Psychosocial v. Town of Leonardtown*, 223 F. Supp. 2d 699,

717 (D. Md. 2002) (irreparable harm presumed from violation of civil rights statutes). *See also Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) ("[W]here a plaintiff demonstrates a likelihood of success on the merits of a fair housing claim, irreparable harm may be presumed.") (citations omitted); *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984) ("We agree with the district court that irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes."); *Cousins v. Bray*, 297 F. Supp. 2d 1027, 1041 (S.D. Ohio 2003) ("Because the Fair Housing Act provides that equitable relief is available where there is a violation of the statute, 42 U.S.C. § 3613(c)(1), the traditional showing of irreparable harm is not required in order to grant a preliminary injunction in a Fair Housing Act case."); *North Shore-Chicago Rehabilitation, Inc. v. Village of Skokie*, 827 F. Supp. 497, 509 (N.D. Ill. 1993) ("Where a plaintiff has shown a likelihood of success in proving a violation of the Fair Housing Act, irreparable injury is presumed. Furthermore, . . . where a statute specifically provides for the grant of injunctive relief, irreparable injury need not be shown." (citation omitted)); *Stewart B. McKinney Found., Inc. v. Town Plan & Zoning Comm'n of Town of Fairfield*, 790 F. Supp. 1197, 1208 (D. Conn. 1992) ("[I]rreparable harm may be presumed in this case because . . . the plaintiff has presented sufficient evidence to establish that its rights under the [Fair Housing] Act have been violated."). As in these cited cases, this Court finds irreparable harm to Plaintiff may be presumed and is, in fact, established based on evidence Defendants have violated the Fair Housing Act.

The balance of equities tips in Plaintiff's favor. Indeed, the Court does not see any basis for finding the balance of equities favors the Defendants; no irreparable harm to Defendants can be found at all. Finally, the public interest in penalizing and preventing discrimination against

3

those with disabilities and those associated with disabled individuals in housing decisions necessitates the issuance of temporary injunctive relief.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion (ECF No. 3) is GRANTED insofar as it seeks a Temporary Restraining Order.

2. Defendants shall cease any and all efforts to remove Plaintiff and its two clients who reside at 2403 Bytham Court, Apartment 104, Windsor Mill, Maryland 21244, from that unit, and rescind any current notices of eviction and/or notices of non-renewal of the lease for that unit.

3. This Temporary Restraining Order SHALL REMAIN IN EFFECT until 12:01 a.m., March 26, 2019. It is subject to extension under Federal Rule of Civil Procedure 65(b)(2). The Court will hold a hearing on Plaintiff's motion for preliminary injunctive relief on a date to be determined.

4. Plaintiff SHALL ENSURE it promptly transmits a copy of this memorandum and order to Defendants.

DATED this __11__ day of March, 2019, at __3:53 P.M.__.

BY THE COURT:

_____
James K. Bredar
Chief Judge